UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT FISHER, *et al.* | : | |
|     Plaintiffs, | : | CASE NO. 3:16-cv-1763 (VLB) |
| | : | |
| v. | : | |
| | : | |
| CECILE RODRIGUEZ, *et al.* | : | January 5, 2017 |
|     Defendants. | : | |

### RULING AND ORDER

This action was commenced on October 26, 2016, by the Plaintiffs Robert Fisher and Jessie Fisher. On November 28, 2016, the Plaintiffs filed a 29-page Amended Complaint accompanied by 22 exhibits totaling 216 pages. The Amended Complaint lists 17 defendants including private legal entities, private citizens in their individual and official capacities, and judges.

The Amended Complaint lists the following "claims" without factual content: "Claim of Ownership," "Wrongful Assignment," "No Trust," "No Splitting the Note," the "Original Note," and "Legal Standing." After the "Legal Standing" claim, the Amended Complaint simply lists the following terms, which appear to be headnotes: "375 False Claims Act, 365 Personal Injury - of Property 21 USC 881, 140 Negotiable Instrument Liability, 150 Recovery of Overpayment, 410 Antitrust & Enforcement of Judgment, Slander, Personal Injury, 820 Copyrights, 430 Banks and Banking, 450 Commerce, 152 Recovery of Defaulted Liability, 470 Racketeer Influenced and (Excludes Veterans), 345 SOCIAL SECURITY, Corrupt Organizations, 710 Fair Labor Standards, 370 Other Fraud Act, 160 Stockholders' Suits, 371 Truth in Lending, 850 Securities/Commodities, 190 Other Contract

**Product Liability, 380 Other Personal Relations, 864 SSID Title XVI Exchange, 195 Contract Product Liability, 360 Other Personal Property Damage, 890 Other Statutory Actions, 196 Franchise Injury, 385 Property Damage, 751 Family and Medical Leave, 891 Agricultural Acts, 362 Personal Injury - Product Liability Leave Act, 893 Environmental Matters, Medical Malpractice, 790 Other Labor Litigation, 895 Freedom of Information,  REAL PROPERTY, CIVIL RIGHTS PRISONER PETITIONS, 791 Employee Retirement FEDERAL TAX SUITS Act, 210 Land Condemnation,  440 Other Civil Rights Habeas Corpus, Income Security Act, 870 Taxes (U.S. Plaintiff), 896 Arbitration, 220 Foreclosure,  899 Administrative Procedure, 230 Rent Lease & Ejectment, 442 Employment, 240 Torts to Land, 443 Housing, Sentence, 26 USC 7609 Agency Decision, 245 Tort Product Liability Accommodations, 950 Constitutionality of (sic), 290 All Other Real Property,  550 Civil Rights Actions, False Claims Act, Fraud upon the court, Color of law, Aiding and abetting, Color of law, Violation of canon law, monopoly." The Amended Complaint then lists conclusory and hypothetical statements, legal principles and citations and acts and omissions which are not attributed to anyone.  The Amended Complaint asserts prolix, factually unsupported, factually unattributed, and frivolous claims.  Finally, the Amended Complaint obliquely references an underlying legal proceeding, raising questions of comity, abstention, res judicata, exhaustion, and immunity.**

> **Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Although detailed allegations are not**

required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).  A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard.  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).  Although courts still have an obligation to interpret "a *pro se* complaint liberally," the complaint must include sufficient factual allegations to meet the standard of facial plausibility.  See *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

The Amended Complaint does not comply with the applicable pleading standard.  *See* Fed. R. Civ. P. 8.  Based on the deficiencies noted above, this Court has authority to dismiss the complaint.  *Fitzgerald v. First E. Seventh Street Tenants Corp.,* 221 F.3d 362, 364 (2d Cir. 2000) (holding district courts may dismiss frivolous complaint *sua sponte* even when plaintiff has paid required filing fee); *Neitzke v. Williams,* 490 U.S. 319, 325 (1989) (holding that an *in forma pauperis* complaint is frivolous where it lacks arguable basis either in law or in fact; term "frivolous" in statute authorizing *sua sponte* dismissal of frivolous *in forma pauperis* complaints embraces not only inarguable legal conclusion but also fanciful factual allegation).  However, the Court should exercise restraint,

and err on the side of resolving cases on the merits where possible. *See Fitzgerald*, 221 F.3d at 364.

Rule 8 of the Federal Rules of Civil Procedure essentially requires that each claim against each Defendant must be set forth in separate counts.  Specifically, each legal theory must be set out in a separate count and each count must contain a clear and concise statement of the facts which form the basis of the claim and entitle the plaintiff to the relief sought.  Each fact should be set forth in a separate numbered paragraph.  The claims against each Defendant must be set forth in a separate count. For example, if there are two breach of contract claims asserted against two defendants, the complaint must contain two counts for breach of contract, one against each defendant.  Each count must specify the facts satisfying each of the elements of the claim. Each fact in each count must be in a separate numbered paragraph.  This standard is not a mere formality. The object is of the rule is to give each Defendant fair notice of the nature of each claim asserted against them and the facts supporting such claim.  Adherence to this standard is required to achieve this objective.

Accordingly, the Court directs the Plaintiff to file a Second Amended Complaint within 21 days of the date of this order in adherence with Rule 8 of the Federal Rules of Civil Procedure.  As the Court has detained the deficiencies of the Amended Complaint and explained the pleading standard and provided an illustration of its application, *the case will be dismissed* if the Plaintiff fails to file a complaint which complies with Rule 8 on or before January 26, 2017.

**IT IS SO ORDERED.**

                      /s/

                   **Hon. Vanessa L. Bryant**
                   **United States District Judge**

**Dated at Hartford, Connecticut: January 5, 2017**