UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROBERT FISHER, *et al.*         :
    Plaintiffs,                  :          CASE NO. 3:16-cv-1763 (VLB)
                                 :
    v.                           :
                                 :
CECILE RODRIGUEZ, *et al.*      :          February 24, 2017
    Defendants.                  :

## RULING AND ORDER DISMISSING CASE

This action was commenced on October 26, 2016, by the Plaintiffs Robert Fisher and Jessie Fisher.  The Court construes the allegations of the Amended Complaint to challenge a foreclosure proceeding pending in Connecticut Superior Court  [*See* Dkt. 23 (Second Am. Compl.) at 4 of 34].  On November 28, 2016, the Plaintiffs filed in this federal District Court a 29-page Amended Complaint accompanied by 22 exhibits totaling 216.  The Amended Complaint lists 17 defendants including private legal entities, private citizens in their individual and official capacities, and Connecticut Superior Court judges.  On January 5, 2017, the Court *sua sponte* ordered Plaintiffs to file a Second Amended Complaint on or before January 26, 2017, as the Amended Complaint failed to satisfy the pleading standard under Rule 8 of the Federal Rules of Civil Procedure.  Plaintiffs timely filed their Second Amended Complaint on January 25, 2017.  The Court has reviewed the Second Amended Complaint and determines that it too fails to comport with the Rule 8 pleading standard. Therefore, this case is DISMISSED.

1

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).  A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard.  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).  Although courts still have an obligation to interpret "a *pro se* complaint liberally," the complaint must include sufficient factual allegations to meet the standard of facial plausibility.  *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).  The Court may dismiss a claim *sua sponte* for failure to comply with Rule 8.  *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

The Court acknowledges that Plaintiffs attempted to comply with certain directions of Court.  For example, the Plaintiffs formatted the Second Amended Complaint with separate counts that each listed a different Defendant.  Plaintiffs also attempted to partially comply with the Court's direction to number each fact

in separate numbered paragraphs, as Counts 1, 6, 8-11, parts of 12[1], 13, and 16 contain numbered paragraphs (albeit each Count begins at paragraph 1). However, the content within each count still fails to meet the pleading standard as the Second Amended Complaint contains the same broad and fundamental deficiencies.

First, Plaintiffs still cite a long list of "claims" which appear to be headnotes, without providing any factual content.  *See* Dkt. 23 (Second Am. Compl.) at 3 of 34].

Second, Plaintiffs also continue to state legal conclusions without factual support.  Where Plaintiffs allege instances of fraud, Plaintiffs fail to "state with particularity the circumstances causing fraud or mistake."  Fed. R. Civ. P. 9(b). For example, with respect to Count 2 against Todd Galiszewski, Plaintiffs contend, "It is impossible to allege firsthand knowledge of accounts validity prior to him becoming the assistant vice president.  It is fraud as to how he has firsthand knowledge about the accounts. . . . The vice president and the department of records provided plaintiff with material altered, forged instruments."  [Dkt. 23, at 7 of 34].  The absence of any other factual content in Count 2 certainly warrants dismissal under Rule 8 let alone the heightened pleading standard under Rule 9.  This is one example among many.

Third, Plaintiffs' 34-page Second Amended Complaint is prolix warranting dismissal.  *See Salahuddin*, 861 F.2d at 42 (acknowledging that a court has the

---

[1] The first three paragraphs of Count 12 are numbered.  Plaintiffs then fail to number several paragraphs, begin numbering again for two paragraphs, and then restart paragraph numbers from the beginning.

power to dismiss a prolix complaint, particularly "where leave to amend has previously been given and successive pleadings remain prolix and unintelligible. . . ."); *Melvin v. Connecticut*, No. 3:16-cv-537 (RNC), slip op. at 1 (D. Conn. June 14, 2016) (dismissing the 48-page complaint containing 94 paragraphs with 57 pages of supplemental materials).  Count 1 against Bank of America addresses issues of standing, breach of contract, materially altered documents (which the Court will assume relate to an allegation of fraud), and chain of assignment, and the count also simply lists other legal claims such as aid and abetting.  [*Id.* at 5-6 of 34].  The descriptions of the mortgage note, assignment, and debt contained in the count conflate the various claims asserted within one count.   While interpreting the *pro se* Plaintiffs' complaint liberally, the Court still cannot ascertain claims for which relief can be granted or the forms of relief to which the Plaintiffs are entitled.

The Court recognizes and fully agrees with the preference to adjudicate cases on the merits rather than on formalities, and it further acknowledges that "it will generally be an abuse of discretion to deny leave to amend when dismissing a nonfrivolous original complaint on the sole ground that it does not constitute the short and plain statement required by Rule 8."  *Salahuddin*, 861 F.2d at 42.  A frivolous complaint is one that "lacks an arguable basis in law or fact."  *Coleman v. Suffolk Cty.*, 154 F. App'x 250, 251 (2d Cir. 2005) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).  However, in this circumstance, the Court is not dismissing the case on mere formality issues.  Rather, the Court has given Plaintiffs an opportunity to amend their complaint and finds that the Second

Amended Complaint is both frivolous on its face and prolix for all the reasons mentioned above.  *See Salahuddin*, 861 F.2d at 42; *see also Mendes Da Costa v. Marcucilli*, No. 16-587, 2017 WL 104304, at *1 (2d Cir. Jan. 10, 2017) (upholding a district court's *sua sponte* dismissal of the amended complaint as frivolous).  The case warrants dismissal as the Second Amended Complaint certainly fits within one that "is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised."  *Salahuddin*, 861 F.2d at 42.  Allowing Plaintiffs to amend the complaint a third time would be futile.

Therefore, this case is hereby DISMISSED in its entirety with prejudice for repeated failure to satisfy Rule 8 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

_____

Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut